UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DENNIS D. PITMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:14CV00085 ERW |
| | ) |
| AMERISTEP CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion in Limine to Exclude, or in the Alternative, Limit the Testimony of Plaintiff's Expert, Christopher Ferrone [ECF No. 34].

**I.  BACKGROUND**

On August 8, 2014, Plaintiff Dennis Pitman ("Plaintiff") filed a petition in the Circuit Court of Montgomery County, Missouri, asserting two counts against Defendant Ameristep Corporation ("Ameristep") for negligence and strict liability, two counts against Defendant Wal-Mart Stores, Incorporated ("Wal-Mart") for negligence failure to warn and strict liability. ECF No. 5. Plaintiff's petition alleged Plaintiff was injured when the ratchet straps securing his tree stand to a tree broke causing him to fall and injure his arm. Defendants Ameristep and Wal-Mart removed the matter to this Court. ECF No. 1. On June 8, 2016, Plaintiff filed an Amended Petition adding two counts against Defendant Tahsin Industrial Corp. U.S.A. ("Tahsin") for negligence and strict liability. ECF No. 32. On July 22, 2016, Wal-Mart was dismissed from this action. Defendants Ameristep and Tahsin ("Defendants") filed this Motion in Limine to Exclude,

or in the Alternative, Limit the Testimony of Plaintiff's Expert, Christopher Ferrone. ECF No. 34.

## II. STANDARD

Rule 702 mandates a policy of liberal admissibility, and expert testimony is permitted if it will assist the trier of fact in understanding the evidence or to determine a fact in issue. Fed. R. Evid. 702; *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). To be admitted under Rule 702, proposed expert testimony must meet three prerequisites: 1) any evidence based on scientific, technical or other specialized knowledge must be useful to the fact finder in determining a fact in issue; 2) the proposed witness must be qualified to assist the fact finder; and 3) the proposed evidence must be reliable or trustworthy in an evidentiary sense. *Id.; Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 590-93 (1993).[1]

A district court's goal in assessing expert testimony is to ensure that "all scientific testimony is both reliable and relevant." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)). The reliability requirement means "the party offering the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid," while the relevance requirement demands "the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Id.* (internal quotations and citations omitted).

Rule 702's requirements notwithstanding, "[c]ourts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo*, 457 F.3d at 758. This is

---

[1] The analysis provided in *Daubert* applies to all experts, not just scientific experts. *Kuhmo Tire Co. v. Carmichael,* 526 U.S. 137 (1999).

because the Rule "only requires that an expert possess 'knowledge, skill, experience, training, or education' sufficient to 'assist' the trier of fact, which is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.'" *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (internal citation omitted). As such, "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Id.* at 1100-01.

## III. DISCUSSION

Defendants ask the Court to exclude or limit the testimony of Plaintiff's expert, Christopher Ferrone. Defendants assert Mr. Ferrone has no background in the design of tree stands or the ratchet straps used with tree stands and his opinions are inadmissible because they are based on speculation, ignore testimony and evidence, and are not based on reliable tests. The Court heard oral argument from the parties and testimony from Mr. Ferrone on August 31, 2016, regarding this Motion.

Mr. Ferrone has extensive experience in in analyzing products and determining what to do to make products safe. He has designed his own products. He testified he applied the safety hierarchy and used the same methodology in testing and analyzing the straps in this matter as he has when testing and analyzing other products. He is not an expert in polymers, but it is not necessary for him to be because his opinions do not focus on the changing the material of the strap. In the past, he has done testing on other types of straps for use with cranes and tie downs, all of which had tensile failures similar to the straps in this matter.

Mr. Ferrone also testified he analyzes warnings and efficacies on a regular basis. He has developed warnings for two different products and has continuously evaluated warnings

throughout his career. He looks at the standards for warnings and applies them to the case at issue. He also used his past education, experience, and training and applied them.

The Court is satisfied Mr. Ferrone is sufficiently qualified to testify as an expert in this matter. Defendants' concerns about his qualifications and lack of experience with tree stand straps and polymers may be addressed on cross-examination. Defendants' arguments regarding the reliability of Mr. Ferrone's testing are also appropriate for cross-examination rather than exclusion. Mr. Ferrone testified his testing did not meet the tensile testing standards for webbing material produced by the American Society of Testing Materials, but nothing in his testimony caused the Court to believe his testing was unreliable so as to require its exclusion from trial.

The Court will limit the scope of Mr. Ferrone's testimony. Because he does not have experience in polymers, he will not be permitted to testify regarding why the strap material is insufficient. His testimony should be limited to the testing he conducted, the safety hierarchy, and the sufficiency of the warnings provided with the straps.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine to Exclude, or in the Alternative, Limit the Testimony of Plaintiff's Expert, Christopher Ferrone [ECF No. 34] is **DENIED**.

So Ordered this 23rd Day of September, 2016.

_E. Richard Webber_

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**