UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DENNIS D. PITMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14CV00085 ERW |
| | ) | |
| AMERISTEP CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion and Brief in Support of Motion to Compel Attendance at Trial [ECF No. 84], Plaintiff's Daubert Motion to Exclude the Testimony of Marc Zupan, George Saunders, and Lorne Smith [ECF No. 64], Defendants' Motions in Limine [ECF No. 75, 86], and Plaintiff's Motion in Limine to Exclude Lack of Prior Accidents Evidence [ECF No. 89].

**I.    Plaintiff's Motion and Brief in Support of Motion to Compel Attendance at Trial [ECF No. 84].**

Plaintiff requests the court compel Jeremy Lees to attend and testify at trial. According to Plaintiff, Mr. Lees was an employee of Ameristep and was intimately involved in the design of the ratchet straps at issue. Although Mr. Lees is outside of the 100 miles contemplated by the Federal Rules of Civil Procedure, Plaintiff requests his attendance at trial because only live attendance can provide the jury with the tools to hear and evaluate his testimony.

At the pretrial conference, Plaintiffs stated to the Court they do not have an address for Mr. Lees or any way of contacting him to serve a subpoena for attendance at trial. Additionally, Defendants stated they have designated another Rule 30(b)(6) witness to testify at trial, and this

1

will eliminate any potential prejudice to Plaintiff. Therefore, the Court will deny Plaintiff's Motion to Compel Mr. Lee's attendance at trial.

**II.     Plaintiff's Daubert Motion to Exclude the Testimony of Marc Zupan, George Saunders, and Lorne Smith [ECF No. 64].**

Plaintiff asserts the Court should exclude the testimony of three of Defendants' experts: Marc Zupan, George Saunders, and Lorne Smith, because they lack sufficient expertise to present testimony, their opinions are cumulative, and their opinions about foreseeable misuse would only confuse and mislead the jury and waste the Court's time. Defendants have assured the Court their experts will only testify to the areas of their expertise and there will be minimal repetitive testimony among the three experts.

Defendants' experts are qualified to testify regarding their respective fields. Mr. Zupan is qualified to testify about materials analysis, Mr. Saunders is qualified to testify about tree stands, and Mr. Smith is qualified to testify about hunting safety and proper use of tree stands. There may be some overlap between their opinions because they relied upon each other's opinions, but this should be minimal. Therefore, the Court will deny Plaintiff's Motion to Exclude.

III. Defendants' Motions in Limine [ECF No. 75, 86].

Defendants asserted five motions in limine. First, Defendants assert the Court should exclude any testimony or evidence of prior claims made against Defendants for breaking ratchet straps. Defendants assert evidence of prior claims regarding similar ratchet straps will confuse the jury and result in five mini trials. Defendants argue introduction of this evidence would be a significant waste of time, unduly prejudicial and would confuse and mislead the jury.

The Court agrees introduction of this evidence will result in five mini trials and juror confusion. However, some of this evidence may be used on cross-examination against

2

Defendants' experts who have testified in similar cases and made determinations on the subject of age and condition of straps. The Court will allow Plaintiff to raise relevant issues through cross-examination, but Plaintiff may not introduce evidence of prior claims in his case-in-chief.

Second, Defendants assert Plaintiff's failure to preserve evidence should result in sanctions. According to Defendants, Plaintiff consciously chose to destroy most of the evidence including the tree stand, safety harness, stick ladder, and safety steps. Defendants argue this evidence is crucial to the case and its destruction harms the defense. Defendants ask the Court for a negative inference.

The Court will not grant the motion at this time, but the destruction of evidence is concerning. Depending on how the evidence develops at trial, the Court may give a negative inference through a jury instruction. Defendants may inform the jury in opening statement of Plaintiff's actions and cross-examine him about disposal of these objects.

Third, Defendants request Plaintiff be precluded from presenting speculative evidence to support any claim for damages for wage loss and loss of future earnings capacity. Defendants assert Plaintiff must present substantial evidence which he cannot do. Therefore, according to Defendants, he should not be allowed to present speculative or uncertain evidence in regards to his wages or earnings.

It is true Plaintiff, in presenting a claim for monetary damages, may not rely on speculation or conjecture. "A figure for loss of wages is not to be permitted when formed from speculation and conjecture, but only when established with reasonable certainty upon which substantial evidence must be introduced. *Anderson v. Burlington N. R.R. Co.*, 700 S.W.2d 469, 477 (Mo. Ct. App. 1985). Similarly, "[d]amages for loss of future earnings must be established with reasonable certainty through the introduction of substantial evidence. They may not be

based on conjecture or speculation." *Dodson v. Ferrara*, 491 S.W.3d 542, 567 (Mo. Ct. App. 2016). The Court will deny this motion at this time. However, Plaintiff is advised the Court has concerns about speculation and conjecture regarding damages for lost wages and future earnings.

Fourth, Defendants argue Plaintiff should be precluded from presenting evidence concerning custom and practice of hunters and safety harnesses when using tree stands. Defendants assert Plaintiff has no evidence of the custom and practice of the tree stand industry and his expert is not qualified to testify about hunting practices.

The Court will grant this motion. Plaintiff may testify about his own experiences and knowledge of hunting practices and hunter safety, but he will not be permitted to testify as to industry standards or industry customs and practices, because he is not a qualified expert.

Fifth, Defendants assert Plaintiff should be precluded from presenting evidence related to the longevity of the polypropylene ratchet strap or that the ratchet strap was defective because an additive was not used. According to Defendants, Plaintiff's expert has not conducted any tests on the strap to determine the exposure to the elements, and he has no knowledge of how long the strap should have lasted.

Plaintiff will be permitted to inquire of the experts regarding environmental degradation and the longevity of the ratchet strap. However, Plaintiff will not be permitted to inquire on cross-examination about injection of UV inhibitors unless Plaintiff first adduces evidence in his case-in-chief concerning the necessity of injection of a UV inhibitor.

**IV. Plaintiff's Motion in Limine to Exclude Lack of Prior Accidents Evidence [ECF No. 89].**

Plaintiff asks the Court to prohibit Defendants from introducing evidence of a lack of accidents resulting from the use of Defendants' ratchet straps. According to Plaintiff, Defendant

has failed to lay a proper foundation and is unable to do so. Plaintiff argues the evidence is unreliable which will result in prejudice to Plaintiff.

After considering Defendants' responsive brief, the Court is persuaded this evidence is admissible. If Defendants decide to introduce this evidence, the Court will permit Plaintiff to introduce evidence of prior product failures. Plaintiff may not introduce the evidence in his case-in-chief, but he may cross-examine defense witnesses about product failures. If Plaintiff introduces product failures in cross-examination, Defendants may introduce evidence of the prior accidents, any prior claims, and the number of straps sold. Plaintiff may respond by introducing evidence about the similarity of straps, the lack of proof of similar use of straps, the number of prior claims, and Defendants' system of tracking claims.

The parties are put on notice mini trials will not be permitted, and the Court may restrict the parties' evidence in this regard.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion and Brief in Support of Motion to Compel Attendance at Trial [ECF No. 84] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Daubert Motion to Exclude the Testimony of Marc Zupan, George Saunders, and Lorne Smith [ECF No. 64] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine [ECF No. 75] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine [ECF No. 86] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Lack of Prior Accidents Evidence [ECF No. 89] is **GRANTED, in part,** and, **DENIED, in part**.

So Ordered this 3rd Day of November, 2016.

*/s/ E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**